UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KATHERINE S. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO:   15-0308** |
| **LOYOLA UNIVERSITY OF NEW ORLEANS** | **SECTION: "L" (4)** |

## ORDER

Before the Court is a **Motion to Quash Service on Irwin Fritchie Urquhart & Moore, LLC (R. Doc. 6)** filed by Irwin Fritchie Urquhart & Moore, LLC and Richard E. McCormack seeking a court order squashing the service of summons and citation made on Irwin Fritchie and McCormack pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(4) and 12(b)(5). The motion is opposed. *See* R. Doc. 8.[1]

The Plaintiff, Katherine S. Johnson, initiated this action on February 2, 2015 against Loyola University of New Orleans ("Loyola") for, among other things, deceptive practices, breach of contract, and fraud. *See* R. Doc. 1.  The Plaintiff's allegations arise out of her enrollment at Loyola when she was given an "F" for refusing to sign a remediation form modified from the State of Texas that was personally drawn up by one of her graduate school professors. *Id*.

On February 27, 2015, Richard E. McCormack, an attorney at the law firm Irwin Fritchie Urquhart & Moore, LLC ("Irwin Fritchie"), was served with the Plaintiff's complaint against Loyola. *See* R. Doc. 6-2, at 3. On April 8, 2015, Irwin Fritchie and McCormack ("Movers") filed the subject motion asserting that the Plaintiff is required under Rule 4(h) to serve Loyola's authorized agent for service of process. *See* R. Doc. 6-1, at 1.

The Movers aver that neither McCormack nor any other lawyer at Irwin Fritchie is a designated agent for service of process for Loyola and the fact that Irwin Fritchie has represented

---

[1] The Court notes that the Plaintiff, who is *pro se*, filed her opposition on May 18, 2015, which was five days after the submission date of May 13, 2015. However, Plaintiff represents that she was not served with the subject motion, so her opposition shall be considered despite the fact it was filed out of time.

Loyola in the past does not designate it as the proper agent for service. *Id.* at 2. Furthermore, in McCormack's affidavit he attests to the fact that he is counsel of record for Loyola in a similar suit filed by the Plaintiff in the Civil District Court for the Parish of Orleans. *See* R. Doc. 6-2, at 1. He also attests that upon being served with the summons and complaint by the U.S. Marshal's Office he advised that he was not the agent for service of process and requested that the Marshal make a notation to that effect in the return. *Id.*

In opposition, the Plaintiff contends that the Movers' motion to quash should be denied because she was not served with the subject motion. *See* R. Doc. 8, at 1. Plaintiff contends that before she filed the current action she attended a deposition with McCormack and showed him a draft of the complaint she planned to file against Loyola. *Id.* at 2. Plaintiff contends that she served Irwin Fritchie and McCormack as Loyola's counsel of record and that the U.S. Marshal's Office was correct in not making a notation that the Movers were not the agent for service of process. *Id.* at 3.

Loyola is a Louisiana non-profit corporation. Under Rule 4(h)(1)(B), "a corporation must be served 'by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process.'" *Price v. Hous. Auth. of New Orleans*, No. CIV.A.09-4257, 2010 WL 3802553, at *2 (E.D. La. Sept. 20, 2010) (quoting Fed. R. Civ. P. 4(h)(1)(B)). Service can also be made pursuant to state law under Rule 4(e)(1), but Louisiana law also provides that a corporation is served "by personal service on any one of its agents for service of process." La. Code Civ. Proc. art. 1261(A).

Here, the Plaintiff does not contest that she served Irwin Fritchie and McCormack and has not offered any evidence that Irwin Fritchie or McCormack are the proper agents of service for Loyola. It is undisputed that "[s]ervice upon a corporation's attorney of record is improper

2

under both federal and state law when, as here, the attorney is not the corporation's agent for service of process." *Price*, 2010 WL 3802553, at *2 (citing *Ransom v. Brennan*, 437 F.2d 513, 518–19 (5th Cir. 1971); *Strange v. Imperial Pools, Inc.*, 506 So.2d 1205, 1208 (La. 1987)). According to the Louisiana Secretary of State, the registered agent for Loyola is Gita Bolt and the officers are Reverend Kevin Wildes and Reverend Peter Rogers. The Plaintiff did not serve any of these individuals as provided for under federal and state law. As such, the Plaintiff did not properly serve Loyola and the summons served on Irwin Fritchie and McCormack shall be quashed.

As for the Plaintiff's contention that she was not served a copy of the subject motion and that the motion should be denied for failure to serve, the Court finds this argument without merit. While the Plaintiff contends she was not served, she responded to the motion as though she had access to the motion. In her opposition she references the fact that McCormack requested that the Marshal make a notation on the summons return, which was stated in his affidavit attached to the subject motion. Her reference to the information contained in the attached affidavit implies that she had access to the subject motion and its attachments.

Accordingly,

**IT IS ORDERED** that the **Motion to Quash Service on Irwin Fritchie Urquhart & Moore, LLC (R. Doc. 6)** is **GRANTED.**

New Orleans, Louisiana, this <u>22nd</u> day of May 2015.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

3